IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-281-BO

| | |
|---|---|
| AMAR P. SINGH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>GEICO INSURANCE AGENCY, INC. and )<br>INSURANCE AUTO AUCTIONS, CORP., )<br>)<br>Defendants. ) | O R D E R |

This cause comes before the Court on defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and plaintiff's motions for entry of default and for summary judgment pursuant to Rules 55 and 56 of the Federal Rules of Civil Procedure. The appropriate responses and replies have been filed and the matters are ripe for ruling. For the reasons that follow, the complaint in this action is dismissed in its entirety.

## BACKGROUND

Plaintiff, an attorney and member of the bar of the State of Georgia, filed this action *pro se* alleging a claim that defendants violated Chapter 75 of the North Carolina General Statutes by engaging in unfair and deceptive trade practices. Plaintiff seeks an award of actual damages in the amount of $47,430.86 plus additional damages, an award of treble damages, and an award of attorney's fees. Plaintiff alleges that in June 2014, defendants advertised for sale a 2014 BMW 750LI luxury sedan to be sold at auction in Raleigh, North Carolina. The car was advertised as having left-side front-end damage with an estimated repair cost of $4,303 and was purported to be in "run and drive" condition. On June 11, 2014, plaintiff made the winning bid for the car and

paid a total of $50,662 on June 12, 2014. Plaintiff has since spent $47,430.86 on parts and repair services for the car to date, with significant additional work remaining before the car is roadworthy.

DISCUSSION

At the outset, the Court denies plaintiff's motion for entry of clerk's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. The docket reflects that defendants were served on June 12 and June 13, 2017. On June 28, 2017, defendants filed a motion for extension of time to file an answer with the consent of plaintiff, which was granted. [DE 6]. Further extensions were obtained from the Clerk of Court, and defendants filed the instant motion to dismiss on September 22, 2017, prior to the time for doing so expiring. [DE 13]. Plaintiff's request for entry of default based upon defendants'[1] failure to file an answer is without merit. Rule 55(a) authorizes entry of default where a defendant has failed to plead or otherwise defend. Fed R. Civ. P. 55(a). "The filing of a Motion to Dismiss constitutes defending an action within the meaning of Rule 55(a)." *Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994). Plaintiff's motion for entry of default is therefore properly denied.

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility means that the facts pleaded "allow[] the

---

[1] Plaintiff's motion as filed seeks entry of default against defendant Insurance Auto Auctions only. [DE 19]. In their response, defendants contend that they have also received a motion for entry of default as to defendant Geico Insurance Agency and therefore oppose default as to both defendants. [DE 21]. Out of an abundance of caution, and because defendants have appeared jointly in this case, the Court considers the motion by plaintiff as pertaining to both defendants.

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must be dismissed if the factual allegations do not nudge the plaintiff's claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

"To prevail on a claim of unfair and deceptive trade practices, a plaintiff must show: (1) defendants committed an unfair or deceptive act or practice; (2) in or affecting commerce; and (3) that plaintiff was injured thereby." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 252 (1998). A trade practice is unfair if it is immoral, unethical, oppressive, or substantially injurious. *Id.* (citation omitted). A trade practice is deceptive when it has "the tendency or capacity to mislead, or create the likelihood of deception." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond, Charlotte Branch*, 80 F.3d 895, 903 (4th Cir. 1996) (alteration and citation omitted).

Plaintiff's purchase of the BMW sedan with a salvage title is governed by the terms of defendant Insurance Auto Auction's (IAA) auction rules/buyer agreement, which has been attached as an exhibit by defendants to their motion to dismiss. [DE 14-1]. A court may consider materials outside the pleadings without converting a Rule 12 motion to one for summary judgment "where, as here, a plaintiff does not attach to the complaint or incorporate by reference written materials which are integral to the allegations of the complaint." *In re FAC Realty Sec. Litig.*, 990 F. Supp. 416, 420 (E.D.N.C. 1997). The auction rules and buyer agreement, which appears to have been signed by plaintiff and the authenticity of which plaintiff not contested, provides, *inter alia*, that all vehicles sold through IAA auctions are sold "as is where is" with no warranty, express or implied and that no warranty is made with respect to the accuracy of any information provided to

3

buyers regarding vehicles, including information regarding condition, actual cash value, estimate repair cost, damage type, or whether or not the car starts. [DE 14-1 at 7 of 10].

Plaintiff has plainly attempted to circumvent the plain language in the auction rules and buyer agreement by alleging that defendants engaged in unfair and deceptive trade practices. However, "North Carolina courts are extremely hesitant to allow plaintiffs to attempt to manufacture a tort action and allege [unfair and deceptive trade practices] out of facts that are properly alleged as a breach of contract claim." *Jones v. Harrelson and Smith Contractors, LLC*, 194 N.C. App. 203, 229 (N.C. App. 2008).[2] Indeed, even an intentional breach of contract is not sufficiently unfair or deceptive to show a violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA). *Branch Banking & Tr. Co. v. Thompson*, 107 N.C. App. 53, 62 (1992). Plaintiff's allegations amount in essence to a claim for breach of warranty, as he has alleged that the estimated repair cost was far less than the actual repair cost. Even if plaintiff could proceed on a claim for breach of warranty, a breach of warranty is not a violation of the UDTPA. *See Kelly v. Georgia-Pac. LLC*, 671 F. Supp. 2d 785, 799 (E.D.N.C. 2009) ("breach of warranty alone is insufficient to state a UDTPA claim."); *Walker v. Fleetwood Homes of N. Carolina, Inc.*, 362 N.C. 63, 72 (2007).

Rather, only where a breach of contract is "surrounded by substantial aggravating circumstances" will it support an unfair and deceptive trade practice claim. *Griffith v. Glen Wood Co., Inc.*, 184 N.C. App. 206, 217 (N.C. App. 2007). Plaintiff's allegations do not support the presence of substantial aggravating circumstances. Plaintiff has alleged that defendants' estimate of the cost of repairs was inaccurate and that the car was improperly labeled as "run & drive"; there is nothing substantially aggravating about an incorrect repair estimate or an inaccurate

---

[2] This Court, sitting in diversity, applies the substantive law of the forum state to plaintiff's claims. *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013).

4

statement regarding a salvage vehicle's ability to start. *See, e.g., Mitchell v. Linville*, 148 N.C. App. 71, 76 (2001) (structural defects in home, though supportive of claim for breach of implied warranty of habitability, not indicative of substantial aggravating factors to support UDTPA claim); *see also Mozingo v. Orkin, Inc.*, No. 4:10-CV-71, 2011 WL 845896, at *6 (E.D.N.C. Mar. 8, 2011) (where dispute, distilled down, is over whether a party breached its obligations and warranties under a contract, addition of the term "misrepresentation" to claim will not support the presence of substantial aggravating circumstances).

Accordingly, plaintiff's complaint is properly dismissed for failure to state a claim. In light of the denial of the motion for entry of default and the appropriateness of dismissal, plaintiff's motion for summary judgment is denied.

## CONCLUSION

Accordingly, for the reasons discussed above, plaintiff's motion for entry of default [DE 19] is DENIED, defendants' motion to dismiss [DE 14] is GRANTED, and plaintiff's motion for summary judgment [DE 23] is DENIED. The clerk is DIRECTED to enter judgment and close the file.

SO ORDERED, this _8_ day of May, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5